70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lorenzo Domingo CRUZ-GONZALEZ; Yesenia Cruz-Castillo;
Domingo Cruz-Castillo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorenzo Domingo Cruz-Gonzalez, and his children Yesenia Cruz-Castillo and Domingo Cruz-Castillo, all natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the denial of asylum, and for substantial evidence the decision to deny the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We will uphold the BIA's determinations unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To establish eligibility for asylum, Cruz-Gonzalez must show that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Cruz-Gonzalez must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 5
 Cruz-Gonzalez contends the BIA's decision that he failed to establish past persecution or a well founded fear of persecution is not supported by substantial evidence. Cruz-Gonzalez claims past persecution and fear of future persecution because: (1) he was conscripted into the Sandinista army; (2) he deserted from the Sandinista army shortly afterwards; (3) the Sandinistas ultimately arrested him for desertion, inflicted a superficial stab wound and threatened him with future harm if he did not return to the Army; (4) after he did return to the army, he was harassed and mistreated by his superior officers; (5) he was detained, beaten and threatened by the Sandinistas on several occasions between 1986-1987; and (6) Sandinistas who retain powerful police and military positions made death threats against him when his wife returned briefly to Nicaragua in 1990.
 
 
 6
 Here, substantial evidence supports the BIA's determination that Cruz-Gonzalez's treatment by the Sandinistas did not rise to the level of persecution. See Ubau-Marenco v. INS, slip. op. 11049, 11059 (9th Cir. Sept. 5, 1995). First, sovereign nations have a right to require military service and punish individuals for avoidance of military service. Cf. Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Second, Cruz-Gonzalez failed to establish that the conditions he was subjected to while serving in the military, or his arrest after leaving the military without permission, had a persecutory motive. See Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). Similarly, Cruz-Gonzalez failed to establish that the Sandinistas believed he was a Contra or that his desertion from the army has been interpreted as a political expression. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Cruz-Gonzalez] was subject to persecution." See Prasad, 47 F.3d at 339.
 
 
 7
 Furthermore, while Cruz-Gonzalez may have a subjective fear of persecution upon his return to Nicaragua, he did not present specific evidence to support an objectively reasonable, well-founded fear of persecution." See Prasad, 47 F.3d at 339; Kazlauskas, 46 F.3d at 906. First, the BIA found that due to the presence of the newly elected democratic government in Nicaragua, it is unlikely that Cruz-Gonzalez would face persecution upon his return. See Kazlauskas, 46 F.3d at 906 n. 3 (holding that fundamental political changes are highly relevant to the likelihood of future persecution). Second, even if Cruz-Gonzalez is correct in asserting that he would face persecution by the Sandinistas who allegedly retain control of the military, he has failed to establish that he would be persecuted based upon an enumerated ground. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that petitioner is not entitled to asylum based upon his former membership in the Sandinista military).
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Cruz-Gonzalez has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 9
 Yesenia Cruz-Castillo and Domingo Cruz-Castillo were included in their father's application pursuant to Section 208(c) of the INA. Therefore, their claims for asylum and withholding of deportation are derivative of his claims, and are denied. See 8 U.S.C. Sec. 1158(c).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cruz-Gonzalez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3